UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATION UNIFICATION, INC.,
CHARLES YOUNG GROUP,
CHARLES YOUNG, JR.
LELA McGEE-HARVEY,

        Plaintiffs,               No. 18-13779

v.                                District Judge Terrence G. Berg
                                Magistrate Judge R. Steven Whalen

GNESEE COUNTY MUNICIPALITY,
GENESEE COUNTY CIRCUIT COURT,
GENESEE COUNTY EMPLOYEES,
GENESEE COUNTY TREASURER,
GENESEE COUNTY SUBSIDIARIES
AND AFFILIATES,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Genesee County, Genesee County Circuit Court, and Genesee County Treasurer's Motion to Dismiss [Doc. #7], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)91)(B).

For the reasons set forth below, I recommend that the Court DISMISS WITHOUT PREJUDICE Plaintiffs' claims under the principles set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[1] Further, I recommend that Plaintiffs' claims for

---

[1]"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). As of this date, Plaintiffs are able to raise their constitutional claims in the state court proceedings; therefore, a dismissal without prejudice is warranted. (*See Kolley v. Adult Protection Services*, 2009 WL 3388374, at *10 (E.D.Mich . October 16, 2009)(Steeh, J.). ("Given the plaintiffs' opportunities to raise their constitutional challenges in the ongoing state court proceedings, the court finds it is

injunctive relief be barred by the Anti-Injunction Act, 28 U.S.C § 2283, and the Tax Injunction Act, 28 U.S.C. § 1341. Alternatively, Plaintiffs Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey should be dismissed for lack of standing under Fed. Rule Civ. P. 12(b)(1).[2]

On December 6, 2018, Operation Unification, Inc., Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey ("Plaintiffs"), filed suit in this Court alleging constitutional violations pertaining to Plaintiff Operation Unification Inc.'s ("Operation Unification's") alleged inability to procure real estate development contracts, and constitutional violations occurring during the course of an ongoing 2013 Genesee County Circuit Court case brought by the City of Flint against Operation Unification. *Docket #1,* pg. 16, Pg. ID 17. *Genesee County Circuit Court*, Case no. 13-101075-CK.

## I. PLAINTIFFS' ALLEGATIONS

By way of background, Plaintiffs allege that as of 2008, Plaintiff Operation Unification "was the first minority Developer with a Community Housing Development Organization status, granted by [the Department of Housing and Urban Development]" ("HUD"). *Complaint,* pg 7. Plaintiffs allege that the contracts were awarded to Operation Unification on the basis that African American males within the corporation had "critical positions." *Id.* Plaintiffs alleged that in 2010, Operation Unification "received the largest

---

more appropriate to dismiss the plaintiffs' federal claims without prejudice").

[2]

Present Defendants note also that Plaintiffs named Genesee County Employees and Genesee County "Subsidiaries and Affiliates" as Defendants but that the "'John Doe' Defendants, identified, would be entitled to dismissal for the same reasons as these Defendants." *Docket #7,* fn 1. Although the present motion does not address claims against "Genesee County Municipality," (referred to in the body of the Complaint as Genesee County "Municipalities") those claims are also subject to dismissal.

[c]ontract that any African American Developer had ever received relative to Government Federal Dollars." *Id.* Plaintiffs allege that subsequently, the emergency manager appointed by the Governor of the State of Michigan "seized" the contract and removed the Flint administrator "who had opened the doorway for minorities to finally compete in Flint and Genesee County." *Id.* Plaintiffs allege that in 2010, Charles Young Jr. ("Young") and Lela McGee-Harvey ("McGee-Harvey") were "warned" by then Flint City Manager Gregory Eason ("Eason") that the Charles Young Jr. Group's ("Group's") status as a developer within Flint was imperiled. *Id.* at pg. 8, *Docket #1,* Pg. ID 60, *Affidavit of Gregory Eason*.

Plaintiffs' exhibits show that Flint filed the Genesee County Circuit Court action against Operation Unification on August 21, 2013. *Docket # 1,* Pg ID 16. On September 6, 2014, Operation Unification filed a counterclaim, including allegations of breach of contract and the failure to adhere to HUD guidelines in removing Operation Unification as a developer. Pg ID 46-57.

Plaintiffs allege that the presiding judge, Genesee County Circuit Court Chief Judge Richard Tuille, is not "fair, impartial, [or] non-discriminative." *Complaint* at ¶ 3. Plaintiffs allege that they have been "willfully denied" their right to trial.[3] *Id.* Plaintiffs request "immediate physical and business protection by the federal courts" in protecting their First Amendment rights, protection from Chief Judge Richard Tuille, and "all of Genesee County employees and affiliates;" the right to be free from discrimination; and protection from "physical [and] vocal threats, intimidation" and the "misuse and abuse of laws" by Defendants. *Id.* at ¶¶ 1-2. They request "a change of venue" to this Court. *Id.* at ¶ 4.

---

[3]An online search shows that the Genesee County Circuit Court action was still open as of April 1, 2019.

## II.   STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The party opposing a Rule 12(b)(1) motion "bears the burden of proving jurisdiction." *EEOC v. Hosanna–Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010).   Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate where a plaintiff lacks standing. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a

complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.   DISCUSSION

### A. Standing

Defendants argue first that Plaintiffs Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey lack standing to bring the present action. *Defendants' Brief,* 4-5, *Docket #7,* Pg ID 88. Standing requires a showing that a plaintiff suffered (1) "'an injury in fact' that is (a) concrete and particularized, and is actual or imminent rather than conjectural or hypothetical and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc*., 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Defendants are correct that to the extent that Plaintiffs allege improprieties regarding Genesee County Circuit Court Chief Judge Richard Tuille's oversight of the state action, Plaintiffs Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey lack standing

to bring the present suit.  First, Plaintiffs concede that the Charles Young Group withdrew its counterclaim in the state action. *Complaint* at ¶ 11.   Further, while Plaintiffs' response to the present motion states that Charles Young Jr. and Lela McGee-Harvey were "founders" of Operation Unification, they do not dispute that they are neither Defendants or Counter-Plaintiffs in the state action and provide no rationale for the failure to raise claims in that forum. *Response,* 4, 20, *Docket #8,* Pg ID 106.  The fact that Operation Unification is a litigant in the state action is not sufficient to confer standing on either Young or McGee-Harvey  "A plaintiff may assert his 'own legal rights and interests,' but generally, a litigant may not sue to protect the constitutional rights of a third party." *Moody v. Michigan Gaming Control Board*, 847 F.3d 399, 402 (6th Cir. 2017)(*citing Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004)).  Neither Plaintiff has alleged a "hindrance" preventing him or her from raising claims in the state action. *Id.* (*citing Kowalski* at 543 U.S. at 129-30, 125 S.Ct. 564).  Further, while Plaintiffs Young and McGee-Harvey allege that they were "warned" by then Flint City Manager Gregory Eason ("Eason") that the Charles Young Jr. Group's status as a developer within Flint was imperiled prior to the inception of the state action, *Complaint* at ¶ 5, *Docket #1,* Pg. ID 60, *Affidavit of Gregory Eason*, this allegation (divorced from the claims of improprieties resulting from the state action) fails to state a plausible claim under Rule 12(b)(6).

Plaintiffs Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey must therefore be dismissed for lack of standing.[4]

---

[4] Defendants also note that Plaintiff Operation Unification, a corporation, is not represented by counsel in the present action. *Defendant's Brief* at 5.  "It is well settled law that a non-natural person, *i.e.*, an 'artificial entity,' may not appear in the courts of the United States other than through an attorney." *T.C. Bible Institute v. City of Westland*, 2005 WL 2417634, at *3 (E.D.Mich. September 30, 2005)(Battani, J.)(*citing Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also VM Services, Inc. v. Two Men and a Truck*

**B. Abstention**

Defendants also argue that the Court should abstain from hearing Plaintiffs' claims under the principles set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Defendants' Brief* at 6-8.

 Three factors must be met in applying *Younger* abstention: "'(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555–56 (6th Cir. 2006)(*citing Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir.1990)).

Defendants are correct that all three factors apply in this case. Because the state court action remains open as of this date, the first prong of the test is easily met. As to the second prong, Plaintiffs request for a "change of venue" to this Court. *Complaint* at ¶¶ 3-4, 7, Plaintiffs allege that a change of venue is appropriate because the presiding judge in the state action is prejudiced against them. Plaintiffs' request for a "change of venue" to this Court is a direct attack on the integrity of the state court proceeding and authority of the state court. The state has important interest in the administration of its civil proceedings free of federal oversight. *See Gray v. Devils Lake Public Schools*, 316 F.Supp.3d 1092, 1102 (D.N.D., 2018)(state "has an interest in enforcing its own judgments and rulings"). "'So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts

*Intern., Inc.*, 2009 WL 3485709, at *1 (W.D.Mich. October 28, 2009)(corporate defendant's failure to procure substitute counsel resulted in default judgment). In contrast to the present case, defendant in *VM Services, Inc.* was warned repeatedly that the failure to procure substitute counsel would result in a default judgment. However, as discussed further below, independent grounds exist for the dismissal of claims by Operation Unification.

-7-

to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.'" *Id.* (*citing Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)). "Gray 'may not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting [the] appeal within the [state] judicial system.'" *Id.* (*citing Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 n.22, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)). If Plaintiffs are dissatisfied with the future state court judgment they are entitled to appellate review as provided under Michigan law. Plaintiffs' allegations of impropriety by the state court judge can be addressed to the State of Michigan Judicial Tenure Commission.

As to the third prong, Plaintiffs have not alleged that they are unable to raise their constitutional claims in the state action. *See Michigan v. West,* 2010 WL 4226154, at *2 (E.D.Mich.,October 21, 2010)(abstention appropriate where there is "no indication that the state proceeding does not afford an adequate opportunity for Defendant to raise his claims."); *Moses v. Shelby County Government*, 2016 WL 11480134, at *8 (W.D.Tenn. June 21, 2016)(where raising of federal constitutional claims allowed by state court, abstention is appropriate). Plaintiffs have not alleged or shown that they were prevented from bringing their federal claims in state court.

The complaint should therefore be dismissed under *Younger*.

### C.  28 U.S.C § 2283

Defendants are also correct that Plaintiffs' request for "change of venue," stay of the state court action, or that this Court ensure that the state court "cease [] from having any jurisdiction over [them],"*Complaint* at ¶¶ 3, 7(vii), is barred by the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.

Under the AIA, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." § 2283. "The United States Supreme Court has recognized 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Wyatt v. Safeguard Management Properties*, LLC, 2017 WL 4841905, at *3 (E.D.Mich. October 26, 2017)(Tarnow, J.)(*citing Middlesex*, *supra,* 457 U.S. at 431, 102 S.Ct. at 2521). The Act "creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004)(*citing Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). The three exceptions that permit injunctions against state court proceedings are "(1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Id.* ; 28 U.S.C. § 2283; *see also Live Cryo, LLC v. CryoUSA Import and Sales*, *LLC*, 2018 WL 2355662, at *2 (E.D.Mich. May 24, 2018)(Steeh, J.)(*citing Chick Kam Choo v. Exxon Corp*., 486 U.S. 140, 147, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988)).

In this case, none of the three exceptions applies. Therefore, Plaintiffs' claims for injunctive relief against the state court are barred by the AIA.

### D.  28 U.S.C. § 1341

Further, the present action is barred to the extent that Plaintiffs seek a stay of enforcement of property tax forfeiture proceedings on taxes imposed between 2013 and the present. *Complaint* at ¶¶ 5, 7. Under the Tax Injunction Act ("TIA") "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The TIA bars federal district courts from hearing claims seeking declaratory or

injunctive relief against a state's or a local government's tax scheme or taxing authority." *Gale v. Charter Tp. of Filer Bd. of Trustees*, 142 F.Supp.3d 549, 552–53 (W.D.Mich. 2015)(*citing Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 1234, 67 L.Ed.2d 464 (1981))("TIA 'was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes'"). "The TIA reflects 'the fundamental principle of comity between federal courts and state governments that is essential to . . . [f]ederalism, particularly in the area of state taxation.'" *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 378 (6ᵗʰ Cir. 1993)(*citing Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271 (1981)).

In addition, Michigan law provides a procedure for challenging tax assessments. The General Property Tax Act ("GPTA"), M.C.L. 211.1 *et seq*., "specifies a method by which 'person[s] whose property is assessed on the assessment roll or [their] ... agent[s]' may 'protest' the assessment on their property before the board of review." *Spartan Stores, Inc. v. City of Grand Rapids*, 861 N.W.2d 347, 350, 307 Mich.App. 565, 570 (Mich. App. 2014)(*citing* M.C.L. 211.30(4)). "If the property owner or its agent so chooses, they may appeal the board's decision to the Tax Tribunal," under Michigan's Tax Tribunal Act "TTA"), M.C.L. 205.701 *et seq.*; *Spartan Stores* at 570.

For these reasons, the Court should find that Plaintiffs' request for an "injunction" regarding the assessments on "property and parcels" is barred by the TIA. *Complaint* at ¶¶ 4, 7.[5]

---

[5] Because Plaintiffs' requests for injunctive relief are barred under either the AIA, TIA, or both, it is unnecessary to consider Defendants' additional arguments against granting Plaintiffs' proposed injunctive relief. *Defendants' Brief* at 11-13.

-10-

## IV.    CONCLUSION

For these reasons, I recommend that the Court DISMISS WITHOUT PREJUDICE Plaintiffs' claims under the principles set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Further, I recommend that the  Plaintiffs' claims for injunctive relief be barred by the Anti-Injunction Act, 28 U.S.C § 2283 and the Tax Injunction Act, 28 U.S.C. § 1341.  In addition,  Plaintiffs Charles Young Group, Charles Young, Jr., and Lela McGee-Harvey should be dismissed for lack of standing under Fed. Rule Civ. P. 12(b)(1).

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify on April 16, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to non-registered ECF participants on April 16, 2019.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen
